67 F.3d 298
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Curtis E. VALENTINE, Defendant-Appellant.
 No. 94-5482.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 29, 1995.
Decided Sept. 28, 1995.
 
 Robert David Jacobs, MORRISSEY, HERSHNER & JACOBS, for Appellant. Joan Elizabeth Evans, Assistant United States Attorney, Richmond, Virginia, for Appellee.
 Before MURNAGHAN, WILKINS, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Curtis Valentine was convicted by a jury for his role in a small drug conspiracy orchestrated by his co-defendant, Joseph Brown. See 21 U.S.C. Secs. 841, 846 & 860 (1988). Valentine filed a timely appeal and his counsel filed a formal brief pursuant to Anders v. California, 386 U.S. 738 (1967) in which he certified that there were no meritorious issues for appeal. Nonetheless, he presented the court with six putative issues. The time for filing a supplemental brief has passed and Valentine has not responded. Because we find each claim raised by counsel to be without merit and can discern no other error in the record below, we affirm Valentine's conviction and sentences.
 
 
 2
 Initially, Valentine urges this court to review the district court's denial of his motion for reconsideration of his bond status. As Valentine notes in his brief, the question is no longer reviewable. After a conviction, the issue of pre-trial detention is moot. Murphy v. Hunt, 455 U.S. 478, 481 (1982). Consequently, we may not review the district court's refusal to reconsider Valentine's bond status.
 
 
 3
 The next ground is equally unavailing. Valentine argues that the penalties for crack cocaine offenses, which are more severe than those for offenses involving powder cocaine, violate the Equal Protection Clause. Initially, it should be noted that Valentine was not convicted of or sentenced with respect to offenses involving crack or powder cocaine. Valentine was convicted and sentenced with regard to his role in the possession and distribution of heroin. Further, this court has soundly rejected any argument grounded in the Equal Protection Clause challenging the disparity in sentencing between cocaine powder and cocaine base. United States v. D'Anjou, 16 F.3d 604, 612 (4th Cir.), cert. denied, 62 U.S.L.W. 3861 (U.S.1994). This assignment of error affords Valentine no relief from his conviction or sentence.
 
 
 4
 Valentine also challenges the sufficiency of the evidence used to convict him. This court reviews challenges to the sufficiency of the evidence by determining whether, viewing the evidence in the light most favorable to the Government, any rational trier of fact could have found guilt beyond a reasonable doubt. United States v. Mills, 995 F.2d 480, 483 (4th Cir.) (Rule 29), cert. denied, 62 U.S.L.W. 3252 (U.S.1993); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982) (post-verdict challenge). With regard to the conspiracy, the Government must prove (1) the existence of a conspiracy; (2) the defendant's knowledge of the conspiracy; and (3) that the defendant voluntarily became a part of the conspiracy. United States v. Bell, 954 F.2d 232, 236 (4th Cir.1992). In this case, the evidence is overwhelming that Valentine distributed heroin with Joseph Brown especially by driving the car to the second heroin transaction. Joe Brown was also engaged in distributing crack cocaine to the same government informant during the same time period. The scope of the conspiracy which revolved around Joe Brown and involved Valentine included both heroin and crack cocaine. There is no question as to Valentine's knowledge of, or the voluntariness of his participation in the conspiracy.
 
 
 5
 Contrary to Valentine's contention, the Government need not prove that Valentine was directly involved with the crack cocaine in order to convict Valentine of the conspiracy. In a light most favorable to the Government, the Government provided sufficient evidence through the testimony of the government informant and undercover officer that Valentine's aid to and association with Joe Brown established that Valentine was a member of the conspiracy by which Joe Brown distributed both heroin and cocaine base. The proof in this case exceeds the slight connection required to obtain a conviction. United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir.), cert. denied, 60 U.S.L.W. 3879 (U.S.1992). A rational trier of fact accepting Jenkins and Langhorne's testimony could certainly have found guilt beyond a reasonable doubt. See United States v. Arrington, 719 F.2d 701, 704 (4th Cir.1983) (noting that reviewing court neither weighs evidence nor considers credibility), cert. denied, 465 U.S. 1028 (1984). The district court did not err in denying the motion for acquittal as to the conspiracy charge.
 
 
 6
 Similarly, Valentine argues that his convictions for possession of heroin and possessing heroin within 1000 feet of a school were not supported by sufficient evidence. The testimony of the government informant and undercover officer provide sufficient evidence for a rational factfinder on both counts. As noted above, Jenkins's testimony regarding his receipt of a bundle containing packets of heroin is sufficient evidence to support the conviction for possession of heroin. There was no error in denying the motion for acquittal regarding this count.
 
 
 7
 Valentine's conviction for possession of heroin within 1000 feet of a school requires a finding that Valentine was in constructive possession of the heroin when he was driving the car from which Joe Brown supplied the government informant with the package of heroin. "Constructive possession exists when the defendant exercises, or has the power to exercise, dominion and control over the item," United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir.), cert. denied, 447 U.S. 925 (1980), and has knowledge of the item's presence. Bell, 954 F.2d at 235. "Knowledge may be inferred from possession, that is, dominion and control over the area where the contraband is found." United States v. Lochan, 674 F.2d 960, 966 (1st Cir.1982). Moreover, "[o]ne who owns or exercises control over a motor vehicle in which contraband is concealed may be deemed to possess the contraband." United States v. Hernandez-Palacios, 838 F.2d 1346, 1349 (5th Cir.1988). Drivers generally have dominion and control over the vehicles that they drive. Lochan, 674 F.2d at 966. Finally, possession need not be exclusive, but may be shared by others, and is susceptible of proof by circumstantial as well as direct evidence. Laughman, 618 F.2d at 1077. The informant's testimony, as buttressed by the undercover officer, that the heroin was handed to the informant from the car Valentine was driving was sufficient to establish Valentine's constructive possession of the heroin.
 
 
 8
 Valentine also contends that the district court erred in declining to instruct the jury regarding multiple conspiracies. Valentine argues that while the Government sought a conviction for a single conspiracy, the evidence at trial tended to establish two separate conspiracies, a conspiracy between Brown and Valentine to distribute heroin and a second conspiracy between Brown and his niece to distribute crack cocaine. This Court reviews a district court's decision not to give a particular jury instruction for an abuse of discretion. United States v. Russell, 971 F.2d 1098, 1107 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3479 (U.S.1993). A judgment will be reversed "only if the error is determined to have been prejudicial, based on a review of the record as a whole." Wellington v. Daniels, 717 F.2d 932, 938 (4th Cir.1983).
 
 
 9
 Valentine's argument ignores the nature of the law of conspiracy and the purpose of multiple conspiracy instructions. "Multiple conspiracy jury instructions inform the jury that it must acquit the defendant if it concludes that he was not a member of a conspiracy charged against him, even if it finds that the defendant was a member of an uncharged conspiracy." United States v. Toro, 840 F.2d 1221, 1236 (5th Cir.1988). A district court "need only instruct on multiple conspiracies if such an instruction is supported by the facts." Mills, 995 F.2d at 485. The question of the existence of multiple conspiracies "depends upon the overlap of key actors, methods, and goals." United States v. Leavis, 853 F.2d 215, 218 (4th Cir.1988).
 
 
 10
 There is no question that the key actor in this case overlaps between Valentine and Alethea Brown. Joe Brown and his goal to sell narcotics through Valentine and Alethea provide the linchpin that makes this arrangement unquestionably a single conspiracy. The mere fact that Valentine did not have extensive contact with Alethea regarding her role in the conspiracy is of no moment. It is well established that each conspirator need not even know of the existence of the other conspirators in order for all of them to be engaged in a single conspiracy. See Blumenthal v. United States, 332 U.S. 539, 557-59 (1947). The district court did not abuse its discretion in declining to instruct the jury on multiple conspiracies.
 
 
 11
 Finally, Valentine assigns error to the district court's refusal to adjust Valentine's offense level based on a mitigating role in the offense pursuant to United States Sentencing Commission, Guidelines Manual, Sec. 3K1.2 (Nov. 1, 1993). This court reviews the sentencing court's determination concerning a defendant's role in the offense for clear error. United States v. Reavis, 48 F.3d 763, 768 (4th Cir.1995) (citing United States v. Daughtrey, 874 F.2d 213, 219 (4th Cir.1989)), cert. denied, 63 U.S.L.W. 3890 (U.S.1995); 18 U.S.C. Sec. 3742(e) (1988). There is no such error in this case. Valentine was the actual courier in possession of a significant quantity of heroin in the first transaction. With regard to the later transactions, in each instance, Valentine acted as a chauffeur to Joe Brown either during or shortly before the actual sale. Based on these actions and the otherwise small nature of the conspiracy in total, we conclude that the district court did not clearly err in declining to reduce Valentine's offense level pursuant to USSG Sec. 3K1.2.
 
 
 12
 Accordingly, we affirm Valentine's conviction and sentence. As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no nonfrivolous grounds for this appeal. This court requires that counsel inform his client, in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 
 13
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 14
 AFFIRMED.